UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JAN 28 2010
Clerk, U.S. District and Bankruptcy Courts

Silke Maria Kroos )
Christian Kroos, )
                                                                                                 )
     Plaintiffs, )
                                                                                                 )
     v. )    Civil Action No. **10 0158**
                                                                                                 )
SBK Stiftung Braunschweigischer Kulturbesitz, )
                                                                                               )
     Defendant. )

MEMORANDUM OPINION

This matter is before the Court on plaintiffs' *pro se* complaint and applications to proceed *in forma pauperis*. The Court will grant each plaintiff's *in forma pauperis* application and dismiss the case for lack of jurisdiction.

Plaintiffs are two German citizens residing in Germany and Redondo Beach, California. They have sued a company described as "a German Public Trust of the Germany Federal State of Lower Saxony," headquartered in Braunschweig, Germany. Compl. at 1. To the extent that defendant is "an agency or instrumentality of a foreign state," the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602-1611, controls. "The FSIA provides the sole basis for obtaining jurisdiction over a foreign state in a United States court," *Sabbithi v. Saleh*, 623 F.Supp.2d 93, 97 (D.D.C. 2009) (internal quotation marks and citation omitted), and generally grants foreign states immunity from liability in United States courts. *See* 28 U.S.C. §§ 1602-1607. Congress has created several specific exceptions to this immunity, which are strictly applied. *See Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993) (a "foreign state is presumptively immune from the jurisdiction of United States courts; unless a specified exception applies, a federal court lacks subject-matter jurisdiction over a claim against a foreign state.")



The complaint is based on plaintiffs' alleged long-term lease (since 1931) of property located in Schoningen, Germany, from which they were allegedly evicted in April 2000. *See* Compl. ¶¶ 8, 21. The alleged wrongdoing spanning decades, *see id.* ¶¶ 9-20, neither occurred in the United States nor is connected to any activity or property in the United States. *See* 28 U.S.C. § 1605 (listing general exceptions to jurisdictional immunity). Therefore, the FSIA deprives this Court of jurisdiction if defendant is a foreign state entity or instrumentality. If defendant is a private entity, the alleged facts reveal absolutely no connection to the District of Columbia and, thus, provide no basis for the assertion of personal jurisdiction over the foreign defendant. *See Miller v. Toyota Motor Corp.*, 620 F. Supp. 2d 109, 114 (D.D.C. 2009) ("A foreign corporate defendant may be subject to personal jurisdiction pursuant to either the District of Columbia's long-arm statute, D.C. Code § 13-423(a), or its provision for service of foreign corporations, D.C. Code § 13-334(a)) (citation omitted). A separate Order of dismissal accompanies this Memorandum Opinion.

Date: January 20, 2010         United States District Judge